RICHARD H. SEARS, Respondent, v. ARTHUR B. LEACH and
Others, Copartners Doing Business under Firm Name of
A. B. LEACH & Co. and A. B. LEACH & Co., INC., Appellants.

First Department, December 20, 1918.

**Pleading — complaint in action by employee for services based on
profits realized by employer — supplemental answer pleading
defense arising since service of amended answer — allegations as
to actions by other parties which may result in destroying basis
of plaintiff's claim — stay until determination of said actions.**

Where in an action by an employee of the defendants to recover for services
rendered in acquiring a certain corporation, compensation to be based
upon the profits realized by defendants from the transaction, the defend-
ants, among other things, denied the allegations of the complaint as to
the receipt of the profits under the transaction, they should be permitted
to serve a supplemental answer setting forth, *first*, an action against
them by an alleged joint adventurer claiming to be entitled to one-half
of the profits in question, the issues in which action had not been formu-
lated at the time of the service of their amended answer, and *second*, an
action brought by another plaintiff to set aside the entire transaction
from which the profits in question were to be obtained, which action had
not been commenced at the time of the service of their amended answer,
it appearing that by the two actions sought to be pleaded the profits in
question may be diminished or entirely wiped out.

All further proceedings in the present action should be stayed until final
determination of the two actions referred to.

APPEAL by the defendants, Arthur B. Leach and others, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 12th day of November, 1918, denying defendants'
motion for leave to serve a supplemental answer and for a stay.

*Charles A. Boston* of counsel [*Hornblower, Miller, Garrison
& Potter*, attorneys], for the appellants.

*Harmon S. Graves* of counsel [*Graves, Miles & Yawger*,
attorneys], for the respondent.

MERRELL, J.:

The action is brought by the plaintiff, Richard H. Sears,
to recover of the defendants, Arthur B. Leach and others,

a copartnership doing business under the firm name of A. B. Leach & Co., and A. B. Leach & Co., Inc., a corporation, the sum of $1,584,000, claimed by plaintiff to be his due for services rendered the defendants.

The first cause of action set forth in the complaint alleges the performance of services by the plaintiff for defendants under an express contract whereby plaintiff alleges defendants agreed to pay him as an employee for services to be rendered by plaintiff in defendants' business enterprise of acquiring the contract of the Island Oil and Transport Corporation, one-fifth of any profits realized by defendants from said transaction. Plaintiff alleges the successful event of the enterprise, and that, as the result of his efforts, the defendants obtained control of said corporation and have realized a profit of $15,000,000 par value of the stock of said Island Oil and Transport Corporation, besides the sum of $420,000 cash, and that the one-fifth share or percentage of plaintiff in such profit amounts to the sum of $1,584,000.

By the second count of plaintiff's complaint he alleges the rendition of services by him in the transaction at the special instance and request of the defendants of the reasonable value and for which defendants agreed to pay the aforesaid sum of $1,584,000. Judgment is demanded against defendants in said sum.

The services for which plaintiff seeks to recover herein are alleged to have been performed between June 27, 1917, and February 6, 1918. The complaint in this action was served on or about June 24, 1918, and the defendants answered three days later. On August 7 or August 12, 1918 (the precise date being in dispute), defendants served an amended answer, wherein, among other things, they denied the allegations of plaintiff's complaint as to the receipt of the profits under the transaction alleged by plaintiff as the basis of his right of recovery. Defendants are now seeking permission to serve a supplemental answer alleging the pendency of two actions, as the result of one of which defendants insist the profits which they will receive from the aforesaid transaction may be reduced by half, and as the result of the other of said pending actions their profits from the transaction may be entirely wiped out. The first of these actions was brought by

one Brown, claiming to be a joint adventurer with the defendants in obtaining control of the stock of said corporation and to be entitled to one-half of any profit arising therefrom. The other action is brought by the Metropolitan Petroleum Corporation, the owners of the stock of the Island Oil and Transport Corporation, the control of which was obtained by defendants, against these defendants, impleaded with others, to set aside the entire transaction from which the alleged profit was obtained, under claim that defendants' control of said stock was obtained through fraud and false representations. The action by Brown, claiming to be a joint adventurer with the defendants and entitled to one-half of the profits, was brought in or about the month of April, 1918. It does not appear when that action was first at issue, but an amended answer therein was served on or about August 19, 1918. The complaint in the action brought by the Metropolitan Petroleum Corporation was not served until on or about August 16, 1918. At the time defendants' motion for leave to serve a supplemental answer herein was made, the Metropolitan Petroleum Corporation action was not at issue, defendants not having answered therein.

Defendants ask leave on this motion to serve a supplemental answer setting forth the bringing of these two actions by Brown and by the Metropolitan Petroleum Corporation, which, defendants insist, assail and tend to diminish and may entirely wipe out any profit and any basis for plaintiff's recovery in this action. While the Brown action had been commenced prior to the service of defendants' amended answer herein, the issues had not been finally framed, because the amended answer in that action was not served until twelve days after the service of the amended answer herein. The Metropolitan Petroleum Corporation action was not commenced until nine days after the amended answer had been served herein, and at the time defendants moved for leave to serve a supplemental answer and for a stay, this second action was not at issue. It is, of course, for the interest of, and defendants are vigorously defending both of these actions, which are brought to assail the profits which they have earned from the transaction, and they do not admit that there is any merit in either of said actions. Defendants seek permission to serve a supplemental

answer, rather than to amend their answer herein, upon the theory that the matters which they now ask to plead as a defense herein have arisen since the service of their amended answer. I think the matters which defendants desire to plead are material facts which occurred after the service of their amended answer herein, and that at the time of the service of said amended answer defendants, while they may have had some information as to threatened action, were not in position to interpose such defense for the reason that the issues in the Brown action had not then been formulated, and the Metropolitan Petroleum Corporation action had not then been commenced. It seems to me that the court at Special Term should have granted defendants the relief which they seek on this motion. Plaintiff's cause of action, under the allegations of his complaint, is quite dependent upon the profit actually received by defendants from the transaction in which his services were rendered. Until it is finally determined what those profits are there can be no legitimate or definite basis for a recovery on his part. Until the attacks which are being made upon defendants whereby the fruits of their labors may be diminished or entirely wiped out are successfully met, no profits can be said to have been earned or received by the defendants. I am inclined to believe that the defendants would be entitled, under the present state of the pleadings, to introduce evidence with reference to the pending action for a division of profits from the transaction, and also as to the attempt to set aside the whole transaction as fraudulent and thereby defeat plaintiff's recovery herein. But as it is not entirely free from doubt as to whether the defendants' denials of plaintiff's allegation of profits received would permit the introduction of such proof, it is safer for the defendants to specifically allege, in a supplemental pleading, such defense. Plaintiff's ultimate rights will be in no manner jeopardized by a postponement herein until defendants' profits from the transaction upon which he must depend as a basis for any recovery are finally determined.

I think the learned court at Special Term improperly denied defendants' application to serve a supplemental answer, and that defendants should have leave to serve such pleading, and, also, that all further proceedings herein should

be stayed until final determination of the two actions above referred to.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted.